IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:16-CR-00049** |
| | : | |
| v. | : | |
| | : | |
| **EVAN LAWBAUGH** | : | **Judge Sylvia H. Rambo** |

**MEMORANDUM**

Before the court is Defendant Evan Lawbaugh's motion to vacate his conviction under 28 U.S.C. § 2255. (Doc. 117.) For the reasons outlined below, the motion will be denied.

**I.     BACKGROUND**

In March 2016, Lawbaugh was charged in a superseding indictment with three counts of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a); one count of distribution of images containing the sexual exploitation of a child in violation of 18 U.S.C. §§ 2252A(a)(2) and (b); and one count of possession of images containing the sexual exploitation of children in violation of 18 U.S.C. § 2252A(a)(5)(B). (Doc. 18.) Attorney Thomas Thornton was appointed to represent him. (Doc. 12.)

In April 2017, Lawbaugh pleaded guilty, pursuant to a plea agreement with the government, to two counts of sexual exploitation of a child. (Docs. 46, 51.)

In January 2018, the court sentenced Lawbaugh to 480 months' imprisonment. (Doc. 75; *see also* Doc. 107 (re-entering judgment).) The Third

1

Circuit ultimately upheld the sentence. (Docs. 115, 116.) *See United States v. Lawbaugh*, 842 F. App'x 795, 798–79 (3d Cir. 2021).

Lawbaugh has filed a motion to vacate based on ineffective assistance of counsel under 28 U.S.C. § 2255, arguing primarily that Thornton provided him constitutionally defective representation by failing to adequately investigate his mental health history. (*See* Doc. 117.) The motion has been fully briefed and is ripe for disposition.  (Docs. 118, 126, 132.)

## II.   STANDARD OF LAW

A federal prisoner may challenge his sentence or conviction by motion to the sentencing court pursuant to 28 U.S.C. § 2255. To prevail, the petitioner must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *United States v. Bates*, No. 3:04-CR-0251, 2008 WL 80048, at *2 (M.D. Pa. Jan. 7, 2008) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). The petitioner generally has the burden of proving by a preponderance of the evidence that he is entitled to relief. *See United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977); *Pazden v. Maurer*, 424 F.3d 303, 313 (3d Cir. 2005); *United States v. Ayers*, 938 F. Supp. 2d 108, 112 (D.D.C. 2013).

The court must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States*

*v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021) (quoting 28 U.S.C. § 2255(b)). To determine whether a hearing is appropriate, the court assesses whether the petitioner's nonfrivolous factual claims plausibly establish an entitlement to relief. *Id*. at 334–35. The court is not required to accept or further investigate "vague and conclusory allegations." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

To prove ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 691 (1984). The first element requires the petitioner to demonstrate that "counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). Proving a deficiency in conduct requires showing "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id*. (quoting *Strickland*, 466 U.S. at 687). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Id*. (quoting *Strickland*, 466 U.S. at 689).

The second element requires the petitioner to show that counsel's performance caused unfair prejudice, or a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been

different. *Strickland*, 466 U.S. at 694. It is not enough to show that "the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet that test." *Id*. at 693. Rather, counsel's conduct must have "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686.

### III.  DISCUSSION

In his motion, Lawbaugh argues that before he pled guilty, his prior defense counsel provided ineffective assistance by failing to competently investigate his mental health history. Lawbaugh contends that at birth, he was diagnosed with Asperger's syndrome, a severe and chronic developmental disorder that falls under the umbrella definition of autism spectrum disorder, which may have impacted his competency to enter a plea and stand trial. (*See* Doc. 118, pp. 9–11, 16.) According to Lawbaugh, his attorney knew about his diagnosis but nevertheless failed to arrange a mental health evaluation prior to the sentencing phase, and then failed to take any remedial measures once the seriousness of his condition became more apparent. Lawbaugh avers that his attorney's failures in this regard violated his Sixth Amendment right to effective assistance of counsel, requiring vacatur of his conviction and guilty plea. (*See id*. pp. 11–18.)

Lawbaugh's claims are without merit. As an initial matter, Lawbaugh's motion is simply mistaken that former defense counsel did not facilitate a mental

health evaluation before Lawbaugh pled guilty. The government's evidence demonstrates that Lawbaugh's attorney commissioned a psychological evaluation and sex offender assessment well before the plea agreement and guilty plea. (*See* Doc. 128.) The evaluating clinical and forensic psychologist's report found, among other things, that Lawbaugh had a deviant pattern of pedophilia and met the criteria for predatory behavior (*id*. pp. 16–17); that Lawbaugh possessed a great deal of remorse, shame, and disgust for his behavior and realized it was a serious problem (*id*. pp. 14, 17); and that while Lawbaugh met the criteria for the "low end" of the autistic spectrum disorder, his thoughts were organized and he was estimated to function within the low end of the average range of intelligence. (*Id.* pp. 14–16.)

Presented with these findings, it was not unreasonable for Lawbaugh's attorney to conclude that Lawbaugh was competent to execute a plea agreement and enter a guilty plea, and that no viable defense existed based on mental health. The psychological evaluation provided no indication that Lawbaugh did not appreciate the nature of his offenses or the proceedings before the court, and indeed made clear that Lawbaugh knew his actions were morally wrong and illegal. Moreover, as the government points out, the evidence shows that Lawbaugh had previously made false denials about his conduct to law enforcement, and that many of his crimes were committed after he had already entered the criminal justice system for similar offenses, suggesting that Lawbaugh had a guilty mind and appreciated the illegality

of his actions. (*See* Doc. 126, pp. 14–15.) Considering Lawbaugh's offense conduct, his communications with an evaluating psychologist and law enforcement personnel, and the conclusions reached in the sex offender assessment and psychological evaluation, it was completely reasonable for Lawbaugh's attorney to conclude that Lawbaugh possessed the requisite capacity to plead guilty and execute a plea agreement, and that Lawbaugh had no viable defense to the charges based on his mental health history. As such, Lawbaugh's claim that his attorney provided constitutionally defective representation by failing to proactively investigate his mental health history is without merit.

Lawbaugh's second claim—that his attorney provided ineffective assistance by not taking remedial measures after his guilty plea and once his mental health came into better focus before sentencing—fares no better. Contrary to Lawbaugh's allegations, the mental health assessment he underwent in preparation for sentencing, which was conducted by an attorney and certified autism specialist, did not contain any new credible information or insights that would have justified a remedial measure. (*Compare* Doc. 118-1, *with* Doc. 128.) The second report did not suggest that Lawbaugh lacked the intellect to knowingly execute a plea agreement or enter a guilty plea. (*See* Doc. 118-1.) And while the report did conclude that Lawbaugh "lacked the mental capacity to understand the nature of what he did and had no intent to cause harm," that finding starkly contrasts both the evaluating

psychologist's prior assessment and the broader record, as described above. (*Id.* p. 6.) Considering the clinical psychologist's credentials and the thoroughness of his report, as well as the irrefutable facts surrounding Lawbaugh's offense conduct and his statements to investigators, it was not unreasonable for Lawbaugh's counsel to avoid expending resources on remedial measures which were unlikely to succeed or beneficially affect the outcome of the proceeding. Accordingly, Lawbaugh's claim that his attorney provided ineffective assistance by failing to take remedial measures after his guilty plea does not justify relief.

Lawbaugh's claims do not plausibly establish entitlement to relief, and the record demonstrates conclusively that Lawbaugh's attorney did not provide ineffective assistance through failing to proactively investigate his mental health history or take remedial measures. Accordingly, a hearing is not necessary, and each of Lawbaugh's claims will be denied.

## IV.   CONCLUSION

For the reasons outlined above, Defendant's motion to vacate will be denied. An appropriate order shall follow.

Dated: July 21, 2023

> */s/ Sylvia H. Rambo*
> SYLVIA H. RAMBO
> United States District Judge